**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Davis Antonio Espinales Martinez,
Petitioner,

v.

Markwayne Mullin, et al.,
Respondents.

Case No. 5:26-cv-04876-MBK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Davis Antonio Espinales Martinez, a Nicaraguan citizen, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. In this habeas action, Petitioner challenges his ongoing detention under the Due Process Clause, the Fourth Amendment, and the Immigration and Nationality Act. As of the date of this order, Respondents have not filed a response to the Petition. In light of Respondents' non-opposition, the Court finds that Petitioner's detention violates due process. Accordingly, the Court grants the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release and preventing his re-

detention absent pre-deprivation notice and a hearing where the Government must show material changed circumstances justifying Petitioner's detention.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Davis Antonio Espinales Martinez is a Nicaraguan citizen seeking asylum in the United States. Dkt. 1 at 14. On or about November 28, 2022, Petitioner entered the United States at or near Paso del Norte, Texas. *Id.* He was apprehended by immigration authorities shortly thereafter and, on November 29, 2022, subsequently released subject to the Alternatives to Detention program. *Id.* at 14-15. On November 27, 2023, Petitioner submitted his Application for Asylum and for Withholding of Removal. *Id.* at 15. On July 18, 2024, Petitioner was granted a work permit, valid until July 15, 2029. *Id.* Petitioner alleges he has never been arrested for, charged with, or otherwise accused of a crime. *Id.* He additionally alleges he has not received any notice from the DHS or other entities suggesting he has committed a crime or violated the conditions of his release. *Id.* at 16.

On May 21, 2026, when reporting for his scheduled immigration check-in appointment, Immigration and Customs Enforcement ("ICE") re-arrested Petitioner without a warrant. *Id.* Since then, Petitioner has been detained at the Adelanto Detention Facility. *Id.* at 4.

On August 25, 2026, Petitioner filed the instant petition for writ of habeas corpus, alleging that his re-detention violates his right to due process of law, that he was unlawfully arrested without a warrant or reasonable suspicion of criminal activity, and that his arrest and re-detention without individualized pre-deprivation process violated both the Administrative Procedure Act and the Immigration and Nationality Act. *Id.* at 33-41.

As of the date of this Report, Respondents have not filed a response to the petition.

## II. DISCUSSION

Petitioner Davis Antonio Espinales Martinez argues, *inter alia*, that he is entitled to immediate release from custody because his re-detention without notice or a hearing violates due process. Dkt. 2 at 29-31. Respondents have not filed an answer or otherwise contested Petitioner's claims.

Respondents' failure to oppose Petitioner's due process claim is a concession. *See Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

In light of Respondents' non-opposition, the Court finds that Petitioner has shown that his detention violates due process. This Court has previously found that noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material

change in circumstances violated due process. *See, e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026).

Based on Respondents' non-opposition and for the reasons stated in those decisions, the Court finds that Petitioner is entitled to release based on his due process claims.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be entered GRANTING the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Davis Antonio Espinales Martinez's (A# 246-396-852) immediate release and prohibiting Respondents from re-detaining him without first providing notice and a hearing where the Government must show material changed circumstances justifying Petitioner's detention; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order.

Dated: September 3, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE